UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL W. GIBBS III,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SAN DIEGO CHILD SUPPORT SERVICES,<br><br>　　　　Defendant. | Case No. 14-cv-2541 DMS (BLM)<br><br>**ORDER GRANTING MOTION TO AMEND COMPLAINT** |

This matter comes before the Court on Plaintiff Samuel W. Gibbs III's motion to amend complaint, seeking to substitute County of San Diego for San Diego Child Support Services ("SDCSS") as a defendant. For the following reasons, the Court grants the motion.

**I.**

**BACKGROUND**

On October 24, 2014, Plaintiff, proceeding pro se, filed a complaint against Defendants Shari L. Kugler and SDCSS. After Plaintiff's several failed attempts to effect service on Kugler, the Court dismissed the complaint against Kugler on January 26, 2017.

On December 27, 2016, Plaintiff filed a request for entry of default against SDCSS, which the Clerk of Court granted on January 3, 2017. Subsequently, on

February 15, 2017, Plaintiff filed a motion for default judgment against SDCSS. On February 23, 2017, County of San Diego moved to set aside the default entered against its department, SDCSS, arguing defective service was made on an improper defendant because a department of a municipality may not be sued. In response to the motion to set aside default, Plaintiff filed a motion for joinder of parties, requesting that County of San Diego be joined as a defendant.

On March 17, 2017, Plaintiff filed a motion to amend complaint accompanied by a proposed first amended complaint ("FAC"), seeking to substitute County of San Diego as a defendant in lieu of SDCSS. County of San Diego filed a response in opposition to the motion. Plaintiff did not file a reply. Instead, Plaintiff filed a motion for pretrial conference.

## II.

## DISCUSSION

Rule 15 of the Federal Rules of Civil Procedure mandates that district courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). "[T]he 'rule favoring liberality in amendments to pleadings is particularly important for [a] pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to making errors in pleading than the person who benefits from the representation of counsel.'" *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

In determining whether to allow an amendment, courts consider whether there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing the *Forman* factors).

"Not all of the [*Foman*] factors merit equal weight…. [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) ("the crucial factor is the resulting prejudice to the opposing party."). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (italics in original).

County of San Diego does not contend the proposed FAC would impose undue prejudice or that Plaintiff has exhibited undue delay or bad faith. Indeed, the Court finds no undue prejudice exists as to County of San Diego, because Plaintiff is not seeking to add new claims or allege new facts with this amendment. Moreover, given Plaintiff's pro se status and lack of legal expertise, the Court does not find any instance of undue delay or bad faith on the part of Plaintiff in bringing this motion. County of San Diego's sole argument against granting leave to amend is futility. However, most courts recognize that "'[d]enial of leave to amend on [futility] ground[s] is rare.'" *Defazio v. Hollister, Inc.*, No. CIV 04-1358 WBS GGH, 2008 WL 2825045, at *2 (E.D. Cal. July 21, 2008) (quoting *Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). To the extent County of San Diego challenges the merits of the FAC, the Court defers consideration of the merits until after Plaintiff files the FAC. *See Netbula*, 212 F.R.D. at 539 ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."); *Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04--4708 VRW, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006) (Defendant's challenges to the merits of a proposed amended pleading "should be addressed in a motion to dismiss or for summary judgment, not in an opposition to the present motion for leave to amend.").

Accordingly, after considering the *Foman* factors, the Court finds that leave to amend should be granted pursuant to Rule 15(a).

### III.
### CONCLUSION

For the reasons stated above, Plaintiff's motion to amend complaint is granted. Accordingly, Plaintiff's motion for default judgment against SDCCS and Defendant's motion to set aside default are denied as moot.[1] Within fourteen days from the date of this Order, Plaintiff shall file the proposed FAC, which is attached to the motion to amend complaint.

**IT IS SO ORDERED.**

Dated: April 10, 2017

Hon. Dana M. Sabraw
United States District Judge

---

[1] The Court also denies Plaintiff's motion for pretrial conference because this motion is not proper at this stage of the proceeding.