# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL W. GIBBS III,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY,<br><br>Defendant. | Case No. 14-cv-2541 DMS (BLM)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Pending before the Court is Defendant County of San Diego's motion to dismiss. Plaintiff Samuel W. Gibbs III filed an opposition,[1] and Defendant filed a reply. For the reasons stated below, Defendant's motion is granted.

## I.
## BACKGROUND

On October 24, 2014, Plaintiff, proceeding *pro se*, initially filed a Complaint against the San Diego Child Support Services and Shari Kugler. After a series of motions and hearings, Plaintiff filed a First Amended Complaint ("FAC") against San Diego County on May 2, 2017, alleging civil rights violations under 42 U.S.C.

---

[1] Plaintiff has also filed a surreply, which the Court considered in resolving the present motion.

§§ 1981 & 1985. On September 20, 2017, Defendant filed a motion to dismiss the FAC for failure to state a claim, which the Court granted with leave to amend. On November 28, 2017, Plaintiff filed a Second Amended Complaint ("SAC"). Defendant filed the present motion to dismiss the SAC on December 11, 2017.

## II.

## DISCUSSION

Defendant moves to dismiss the SAC on grounds that Plaintiff has failed to allege a short and plain statement showing he is entitled to relief under Federal Rule of Civil Procedure 8(a), has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6), and has failed to file a timely claim under California Government Code § 945.4.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum, a complaint must allege enough specific facts to provide "fair notice" of both the particular claim being asserted and "the grounds upon which [that claim] rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss, all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992)

(citation omitted); *see Benson v. Ariz. St. Bd. of Dental Exam'rs*, 673 F.2d 272, 275–76 (9th Cir. 1982) (court need not accept conclusory legal assertions). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Pro se complaints are held to a less stringent standard than formal pleadings by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). A pro se plaintiff's complaint must be construed liberally to determine whether a claim has been stated. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). However, a pro se litigant's pleadings still must meet some minimum threshold in providing the defendant with notice of what it is that it allegedly did wrong. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

The Court previously advised Plaintiff as to the deficiencies in the FAC and has liberally granted leave to amend. Nevertheless, Plaintiff's SAC fails to cure the noted deficiencies. For example, like the FAC, the SAC does not satisfy the minimal notice pleading requirements of Rule 8 as it fails to give Defendant a short and plain statement as to Plaintiff's claims. Plaintiff has also failed to sufficiently state a legally cognizable claim upon which relief could be granted as the SAC is almost entirely devoid of factual allegations. Moreover, although the SAC purports to assert civil rights violations under 42 U.S.C. §§ 1981 & 1985, the factual allegations pertain to a prior child support order issued by the Superior Court of California, County of San Diego in 1996. The Court, however, informed Plaintiff in the prior order granting Defendant's motion to dismiss the FAC that to the extent Plaintiff seeks to challenge the prior state-court judgment, the *Rooker-Feldman* doctrine bars

such action. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("Rooker–Feldman bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims.").

The Court has cautioned Plaintiff that if the SAC does not cure the pleading deficiencies, his claims will be dismissed with prejudice and without further leave to amend. Because Plaintiff has not been able to provide a short and plain statements of the claims or to state a claim, the Court finds that any amendment would be futile. Accordingly, Defendant's motion is granted without leave to amend. *See, e.g.*, *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 2002) (no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

### III.
### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted without leave to amend. This case is dismissed in its entirety with prejudice.

**IT IS SO ORDERED.**

Dated: January 12, 2018

Hon. Dana M. Sabraw
United States District Judge